UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL DECASPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-551-TAV-JEM |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to the District Judge's referral Order [Doc. 38]. 28 U.S.C. § 636(c). The Court received Plaintiff's Application for an Award of Reasonable Attorney Fees Under 28 U.S.C. § 2412(d) [Doc. 37] on November 28, 2022, and Defendant's Response to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 39], on December 12, 2022. Plaintiff initially requested an award of fees under the Equal Access to Justice Act in the amount of $6,435.00. In response, Defendant stated that, "[a]fter discussion with Plaintiff's counsel, Plaintiff and Defendant have agreed to an award of $6,137.80" [Doc. 39]. In light of Defendant's representations, the Court ordered the parties to confer and, if they agreed to the reduced amount of $6,137.80, to file a joint stipulation signed by both parties [Doc. 40].

Having received the Joint Stipulation [Doc. 41] of the parties in the matter pending now before the Court and upon substantive review of the record, the undersigned **RECOMMENDS** that the District Judge: (1) award attorney fees and expenses in the amount of $6,137.80 to Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

under the Equal Access to Justice Act, 28 U.S.C. § 2412(d); (2) order that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States; (3) order that, if Plaintiff owes no debt to the United States, then the payment of EAJA fees can be made to Plaintiff's counsel per the fee assignment [Doc. 37-3 p. 3]; and (4) order that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, [**Doc. 26**] be dismissed without prejudice pursuant to the Parties' agreement incorporated herein by reference.

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge